# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:21-CV-01924 |
| Plaintiff, | |
| v. | (Chief Judge Brann) |
| ROGER A. STROUD, *soley in his capacity as Heir of Sandra K. Mack a/k/a Sandra Kay Mack, Deceased*, and GREGORY T. STROUD, *soley in his capacity as Heir of Sandra K. Mack a/k/a Sandra Kay Mack, Deceased*, | |
| Defendants. | |

## ORDER

**APRIL 6, 2022**

On November 11, 2021, the United States of America filed a foreclosure action against Defendants Roger A. Stroud, *soley in his capacity as Heir of Sandra K. Mack a/k/a Sandra Kay Mack, Deceased*, and Gregory T. Stroud, *soley in his capacity as Heir of Sandra K. Mack a/k/a Sandra Kay Mack, Deceased*.[1] The Clerk of Court entered default against Roger A. Stroud, *soley in his capacity as Heir of Sandra K. Mack a/k/a Sandra Kay Mack, Deceased*, and Gregory T. Stroud, *soley in his capacity as Heir of Sandra K. Mack a/k/a Sandra Kay Mack, Deceased* on March 1, 2022.[2] The United States now moves for entry of default

---

[1] Doc. 1.
[2] Doc. 10.

judgment against Roger A. Stroud, *soley in his capacity as Heir of Sandra K. Mack a/k/a Sandra Kay Mack, Deceased*, and Gregory T. Stroud, *soley in his capacity as Heir of Sandra K. Mack a/k/a Sandra Kay Mack, Deceased* under Federal Rule of Civil Procedure 55(b).[3]

The United States Court of Appeals for the Third Circuit has noted that "[w]hen a defendant fails to appear[,] . . . [this Court] is authorized to enter a default judgment based solely on the fact that the default has occurred."[4] Because the factual allegations of the United States' complaint establish a right to relief,[5] and because a sum certain amount of damages has been established with competent evidence,[6] this Court will grant the United States' motion and enter default judgment against Roger A. Stroud, *soley in his capacity as Heir of Sandra K. Mack a/k/a Sandra Kay Mack, Deceased*, and Gregory T. Stroud, *soley in his capacity as Heir of Sandra K. Mack a/k/a Sandra Kay Mack, Deceased*.

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Default Judgment, Doc. 7, is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff, the United States of America, in the amount of $134,379.99, plus

---

[3] Doc. 7.

[4] *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

[5] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

[6] *See* Doc.1-1; *see also Comdyne I, Inc.*, 908 F.2d at 1149.

        prejudgment interest at the rate of $8.82 per day from November 10, 2021, through the date of this Order, plus postjudgment interest pursuant to 28 U.S.C. § 1961.

3. The promissory note and mortgage between Plaintiff and Defendant are foreclosed as to the property located at 2289 Pennsylvania Avenue f/k/a 339 Pennsylvania Avenue, South Waverly, Pennsylvania 18840.

4. The United States Marshal for the Middle District of Pennsylvania is directed to sell the property to the highest bidder at a public sale pursuant to Chapter 127 of Title 28 of the United States Code.[7]

5. While advertising the sale pursuant to 28 U.S.C. § 2002, Plaintiff may describe the property using the physical address mentioned above.

6. Immediately after the property is struck down to the highest bidder, ten percent (10%) of the highest bid must be deposited with the United States Marshal, with the balance due no later than ten (10) days after the sale is confirmed by the Court.[8]  All payments must be made via certified or cashier's check.  If the highest bidder fails to settle in this manner, the bidder immediately loses all rights in the property and forfeits the deposit, and the United States Marshal may re-advertise and

---

[7] 28 U.S.C. §§ 2001 *et seq.*
[8] It is the highest bidder's responsibility to ascertain the date of confirmation.

re-sell the property pursuant to the procedure outlined above without further Order of this Court.

7. The highest bidder shall take the property subject to and is to pay all state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges, and liens against the property which are not divested by the sale, and shall pay all state, local, and federal transfer taxes and stamps.  If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and—in the event of default by the highest bidder—may proceed to make settlement with the United States Marshal.

8. Plaintiff or its nominee may enter the property at reasonable times to conduct any inspection necessary to prepare for the advertisement and sale.

9. The United States Marshal or the Plaintiff shall move this Court for confirmation of the sale within thirty days of its occurrence.  Upon confirmation, the United States Marshal shall hold the sales proceeds until they are distributed by this Court.

10. This Court retains jurisdiction over this matter for the granting of such orders and decrees as circumstances may require.

11. The Clerk of Court is directed to deliver a copy of this Order to the United States Marshal and to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge